IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:20-CV-2-BO

CRYSTAL N. MOSELEY, )
 )
 Plaintiff, )
 )
 v. ) ORDER
 )
ANDREW SAUL, )
*Commissioner of Social Security*, )
 )
 Defendant. )

This cause comes before the Court on plaintiff's motion for judgment on the pleadings [DE 24] and defendant's motion for judgment on the pleadings [DE 30]. A hearing was held on the motions before the undersigned on January 13, 2021 via videoconference. For the reasons that follow, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her disability insurance benefits and supplemental security income. Plaintiff protectively filed her application for disability insurance benefits and supplemental security income on August 1, 2017 and August 18, 2017, respectively, alleging a disability onset date of July 26, 2017. After initial denials, an Administrative Law Judge (ALJ) held a hearing on September 9, 2019, and subsequently found that plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date of July 26, 2017. The ALJ found that plaintiff's multiple sclerosis, degenerative disc disease, obesity, and chronic pain syndrome were severe impairments at step two, but that either alone or in combination her impairments did not meet or equal a Listing. The ALJ determined that plaintiff had the residual functional capacity to perform light work with limitations and at steps four and five found that plaintiff could not perform any past relevant work but that, considering her age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy which plaintiff could perform.

Plaintiff contends that the ALJ erred by failing to perform a proper function-by-function analysis of plaintiff's ability to sit, stand, and walk when forming the RFC. Plaintiff testified at her hearing that sitting all day at her previous job hurt her back and that she could stand for about five to ten minutes and sit for about ten to fifteen minutes depending on the day. Plaintiff also noted that she had problems with balance and that she had been using a cane every time she was outside

3

of the home since June of the previous year. Among other symptoms and ailments, the medical evidence at the hearing established that plaintiff had nerve impingement in her lumbar spine, that her brain MRI was significantly abnormal with a moderately severe lesion load, and that she frequently experienced instances of abnormal gait and pain. Ms. Kiotta Barnhill, ANP-BC specifically stated that plaintiff was unable to bend, squat, lift over ten pounds, or walk distances without rest or the use of a cane. Despite this testimony and medical evidence, however, the ALJ found that plaintiff could sit for up two six hours, stand for up to six hours, walk for up to six hours, and could maintain each posture for up to thirty-minute intervals.

Although the ALJ summarized some of the medical evidence in the record that supported plaintiff's testimony, including plaintiff's repeated complaints of ongoing pain, the ALJ committed error by failing to explain why plaintiff was not found to be more limited with standing, walking, and sitting. *See Monroe v. Calvin*, 826 F.3d 176, 190 (4th Cir. 2016) (stating that "the ALJ [did] not indicate how any of the facts he cited show" that plaintiff can perform the required functions of the RFC). Nowhere does the ALJ explain how she decided which of plaintiff's statements and evidence to believe and which to discredit, and she failed to perform a function-by-function analysis of plaintiff's ability to stand, sit, and walk. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (stating that "the ALJ never explained how he could conclude—*based on this evidence*—that [plaintiff] could actually perform the tasks required by 'medium work'" and finding that "[t]he ALJ therefore failed to build an 'accurate and logical bridge' from the evidence he recounted to his conclusion") (emphasis in original). This was not a harmless error, as the calculation of frequency of position change can be outcome-determinative.

4

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance. Accordingly, there is nothing to be gained from remanding this matter for further consideration and reversal for an award of benefits is appropriate.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 24] is GRANTED, and defendant's for judgment on the pleadings [DE 30] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits. The clerk is DIRECTED to close the case.

SO ORDERED, this **3** day of January, 2021.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5

Case 2:20-cv-00002-BO   Document 35   Filed 02/01/21   Page 5 of 5